IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS,<br><br>*Plaintiff,*<br>v.<br><br>SUNRISE COMMUNITY CHURCH, INC. D/B/A SUNRISE HOMELESS NAVIGATION CENTER, MARK HILBELINK; REAL PROPERTRY KNOWN AS 4430 MENCHACA ROAD<br><br>*Defendants.* | Civil Action No. 1:25-cv-00005-DII |

## STATE'S MOTION TO ABATE RULING ON PENDING MOTION FOR JUDGMENT ON THE PLEADINGS AND TO EXTEND DEADLINE TO RESPOND

The Court should abate its ruling on Defendants' Motion for Judgment on the Pleadings (ECF 6) until after it has ruled on the State's pending Emergency Motion to Remand and set the State's deadline to respond to Defendants' Motion until fourteen days after a ruling on the State's Emergency Motion to Remand has been issued.

### INTRODUCTION

On November 26, 2024, the State of Texas filed its Original Petition for Injunctive Relief and Application for Temporary Injunction in state court.

On January 2, 2025, Defendants filed their Notice of Removal. The next day, Defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

On January 9, 2025, the State filed its Emergency Motion to Remand.

### ARGUMENT

As fully set out in the State's Emergency Motion to Remand, Defendants' Notice of

Removal is without merit and this matter should be remanded back to state court. The Defendants' improper removal has already delayed urgently needed injunctive relief and caused the State to incur additional costs.

If this Court grants the State's Emergency Motion to Remand, the Defendants' Motion will be moot. To save judicial resources, the Court should abate consideration of the Rule 12(c) Motion until after it has decided the pending Emergency Motion to Remand.

Additionally, to save the State from incurring further unnecessary costs in responding to Defendants' Rule 12(c) Motion, the Court should set the State's deadline to respond to that Motion—if such a response is necessary—to be fourteen days after the Court rules upon the Emergency Motion to Remand. Federal Rule of Civil Procedure 6(b)(1) authorizes the Court to extend the deadline for a response to a motion for good cause.

Good cause exists because Defendants filed a meritless notice of removal, without any prior communication or indication to the State that the notice was forthcoming, followed by a Rule 12(c) motion the next day. The State expeditiously filed its Emergency Motion to Remand. It does not make sense for the parties, nor the Court, to expend resources on Defendants' pending Motion when the Court's jurisdiction is still being decided.

## CONCLUSION

The Court should grant the State's Motion to Abate and enter an order setting the State's response to Defendants' Motion for Judgment on the Pleadings to be due fourteen days after the Court rules on the State's Emergency Motion to Remand.

Respectfully Submitted:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division

/s/ *Clayton Watkins*
**CLAYTON WATKINS**
Assistant Attorney General
State Bar No. 24103982
Office of the Attorney General of Texas
Consumer Protection Division
300 W. 15th St.
Austin, Texas 78701
Phone: (512) 463-2185
Fax: (512) 473-8301
Clayton.Watkins@oag.texas.gov

**JOHN C. HERNANDEZ**
Assistant Attorney General
State Bar No. 24095819
Office of the Attorney General of Texas
Consumer Protection Division
112 E. Pecan Street, Suite 735
San Antonio, Texas 78205
Phone: (210) 225-4191
Fax: (210) 225-1075
JC.Hernandez@oag.texas.gov

**KARYN A. MEINKE** (*pro hac vice forthcoming*)
Assistant Attorney General
State Bar No. 24032859
Office of the Attorney General of Texas
Consumer Protection Division
112 E. Pecan Street, Suite 735

> San Antonio, Texas 78205
> Phone: (210) 225-4191
> Fax: (210) 225-1075
> Karyn.Meinke@oag.texas.gov
>
> ATTORNEYS FOR THE STATE

### **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the State conferred with counsel for the defendants about the relief sought herein, and Defendants are opposed to the requested relief.

> /s/ *Clay Watkins*
> **Clayton Watkins**

### **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2025, a true and correct copy of the foregoing document was electronically filed with the clerk of the Court using the electronic case filing system, which automatically provided notice to all attorneys of record.

> /s/ *Clay Watkins*
> **Clayton Watkins**