IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:25-cv-00005-DII |
| | § | |
| SUNRISE COMMUNITY CHURCH, | § | |
| INC. D/B/A SUNRISE HOMELESS | § | |
| NAVIGATION CENTER; MARK | § | |
| HILBELINK; REAL PROPERTY | § | |
| KNOWN AS 4430 MENCHACA ROAD | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OPPOSITION TO STATE'S MOTION TO ABATE RULING
ON PENDING MOTION FOR JUDGMENT ON THE PLEADINGS AND
TO EXTEND DEADLINE TO RESPOND**

This Court should not let Attorney General Paxton continue to dodge the key threshold issues in his meritless lawsuit on behalf of the State. Defendants Sunrise Community Church, Inc. d/b/a Sunrise Homeless Navigation Center ("Sunrise Church"), Mark Hilbelink, and Real Property Known as 4430 Menchaca Road (collectively, the "Defendants") therefore request that this Court deny the State's Motion to Abate Ruling on Pending Motion for Judgment on the Pleadings and to Extend Deadline to Respond (the "State's Motion") (ECF 9).

The issues raised in Defendants' Notice of Removal and Motion for Judgment on the Pleadings are inextricably intertwined: **both hinge on the State's unprecedented request to permanently shut down Sunrise Church**. As Defendants will explain in their forthcoming Opposition to the State's "Emergency" Motion to Remand[1] (ECF 8), this case should remain in

---

[1] Pursuant to Local Rule 7(d)(2), the deadline for Defendants' response to the State's Emergency Motion to Remand is January 23, 2025. There is no actual emergency. If there were an emergency, the State would have sought a temporary restraining order. The State's use of the "emergency" label is a transparent effort to seek special treatment that it does not deserve.

1

federal court – because it can and should be disposed of promptly under federal law. Pursuant to 28 U.S.C. § 1446(a), Defendants' Notice of Removal sets forth "a short and plain statement of the grounds for removal" under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, et seq. and the Free Exercise Clause of the First Amendment. On the other hand, Defendants' Motion for Judgement on the Pleadings explains in detail the bases for judgement on the State's claims on the same grounds. The State should not be permitted to escape responding to Defendants' religious freedom arguments.

The State should be forced to timely respond to Defendants' Motion for Judgment on the Pleadings pursuant to Local Rule 7(d)(2), on January 17, 2025, for two primary reasons. *First*, the State's lawsuit lacks merit on its face. As demonstrated by both Defendants' Notice of Removal and Motion for Judgment on the Pleadings, permanently shutting down a church is not permitted by federal law. In fact, the State's lawsuit is nothing more than an attempt to bully a church into closing its doors or move from its long-standing location in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, et seq. and/or the Free Exercise Clause of the First Amendment. The interests of judicial economy weigh strongly in favor of a timely response by the State. It would be inefficient for both this Court and both parties to break this issue up into two separate parts rather than consider them together. This Court should not prolong the time that Sunrise Church must continue to litigate a baseless lawsuit that improperly infringes on its religious freedoms.

*Second*, the State's response to Defendants' Motion for Judgment on the Pleadings will help demonstrate how the State's Motion to Remand lacks merit. The State's Motion to Remand completely ignores the death-penalty relief it seeks – for an obvious reason: that relief necessarily raises federal law questions at the heart of this shameful case. The State will not be able to ignore

the fact that it seeks to shut down a church in response to Defendants' Motion for Judgment on the Pleadings. Of course, the State is hesitant to respond because such response will make absolutely clear that the State has no proper legal basis for the relief that it seeks. This Court should not permit the State to dodge this critical issue; rather, the Court should be able to consider the State's response to Defendants' substantive arguments alongside the removal arguments to confirm that this Court has jurisdiction based on a federal question.

For the foregoing reasons, Defendants respectfully request that this Court deny the State's Motion to Abate Ruling on Pending Motion for Judgment on the Pleadings and to Extend Deadline to Respond. The State should be required to respond to Defendants' Motion for Judgment on the Pleadings by January 17, 2025 pursuant to Local Rule 7(d)(2).

Dated: January 16, 2025

                                                **Respectfully submitted,**

                                                SHOOK, HARDY & BACON L.L.P.

                                                */s/ M. Scott Michelman*
                                                M. Scott Michelman
                                                State Bar No.: 00797075
                                                E-Mail: mmichelman@shb.com
                                                Peter M. Henk
                                                State Bar No.: 00790861
                                                E-Mail: phenk@shb.com
                                                Britta N. Todd*
                                                State Bar No.: 24128066
                                                E-Mail: btodd@shb.com
                                                Tanya L. Chaney
                                                State Bar No.: 24036375

E-Mail:  tchaney@shb.com
600 Travis Street, Suite 3400
Houston, Texas 77002-2926
Telephone:  713.227.8008
Facsimile:   713.227.9508

*Application for admission to the United
    States District Court for the Western
    District of Texas forthcoming

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that I served a copy of the foregoing document to the attorneys/parties listed below this 16th Day of January 2025, via e-mail.

CLAYTON WATKINS
Office of the Attorney General of Texas
Consumer Protection Division
300 W. 15th St.
Austin, Texas 78701
Clayton.Watkins@oag.texas.gov

KARYN A. MEINKE
Office of the Attorney General of Texas
Consumer Protection Division
112 E. Pecan Street, Suite 735
San Antonio, Texas 78205
karyn.meinke@oag.texas.gov

*Attorneys for Plaintiff*

                                                                                   */s/ M. Scott Michelman*
                                                                                   M. Scott Michelman