UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS<br><br>  Plaintiff,<br><br>vs.<br><br>SUNRISE COMMUNITY CHURCH, INC. D/B/A SUNRISE HOMELESS NAVIGATION CENTER; MARK HILBELINK; REAL PROPERTY KNOWN AS 4430 MENCHACA ROAD,<br><br>  Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO.  1:25-cv-00005-DII |

## **DEFENDANTS' MOTION FOR CLARIFICATION**

  Defendants Sunrise Community Church, Inc. d/b/a Sunrise Homeless Navigation Center, Pastor Mark Hilbelink, and Real Property Known as 4430 Menchaca Road (collectively, "Defendants") respectfully move for clarification of the Court's February 21, 2025 Text Order denying Plaintiff's Motion to Extend Scheduling Order Deadlines ("Order"). As the parties conducted the Rule 26(f) Conference and further conferred regarding the Joint Rule 26(f) Report, it became apparent that the parties have differing understandings regarding what the Court's Order requires. These differing understandings have prevented the parties from completing the Rule 26(f) conference and report process. Defendants therefore seek clarification of the Order so that the parties may complete that process.[1]

  Specifically, the Court's Order states: "The parties are ORDERED to have a limited Rule 26(f) conference and file a Rule 26(f) report *according to the proposal offered by Defendants*." Order (emphasis added). The "proposal offered by Defendants" included two items: "to (a) have a Rule 26(f) conference limited to attempting to resolve the State's claims; and (b) have the State

---

[1] Although the State does not join in this Motion, it does not dispute the need for clarification of the Order. The parties have agreed (subject to the Court's approval) that the State may file a response to this Motion by April 2, 2025, and Defendants may then file a reply (if necessary) by April 4, 2025.

1

articulate in writing—for the first time since filing its Verified Petition more than [four] months ago—the relief the State claims to seek that is 'narrowly drawn and precisely tailored to address the [alleged] offending conduct.'" Defendants' Opposition to the State's Opposed Motion to Extend Scheduling Order Deadlines ("Opposition") (Dkt. 18) at 2. Defendants, therefore, understand the Court's Order as requiring **both** of those items. In particular, item (b) of that proposal—having the State articulate in writing the relief it seeks—is essential to the parties having a good faith discussion about "the possibilities for promptly settling or resolving the case," as Rule 26(f) requires. Fed. R. Civ. P. 26(f).

The State has twice rejected requests to provide this basic information, and contends that the Court's Order does not require it do so. *See* February 22-24 emails from P. Henk to C. Watkins, *et al* (attached as Exhibit A). Alternatively, the State contends that, if it is required to provide such information to Defendants as part of the Rule 26(f) process, the Petition sufficiently identifies the relief the State seeks. But as Defendants have repeatedly demonstrated, the death penalty-type injunctive relief described in the Petition is **not** narrowly drawn or precisely tailored to address the alleged offending conduct. In fact, it is illegal under federal law and the U.S. Constitution. *See, e.g.*, Defendants' Notice of Removal (Dkt. 1) at 5-6; Defendants' Motion for Judgment on the Pleadings (Dkt. 6) at 6-18.

Meaningful settlement discussions are impossible so long as the State continues to refuse to articulate in writing the actual relief it seeks.[2] This is why Defendants included item (b) in the limited Rule 26(f) process they proposed, which the Court then ordered the parties to follow.

---

[2] The State did confirm, albeit orally, that it seeks to permanently enjoin Defendants from serving free meals to people who are hungry, and to permanently enjoin Defendants from providing free clothing to those in need. In short, the State now claims it seeks to permanently enjoin Defendants from any and all activities which involve "homeless" individuals visiting Sunrise Church's property (except for Sunday services). Defendants fail to see how the State can maintain, in good faith, that such relief is narrowly drawn or precisely tailored to address the alleged offending conduct. The parties' subsequent communications demonstrated a lack of clarity regarding the State's requested relief, further underscoring the need for the State to articulate its position ***in writing***.

Because the parties disagree about whether or not the Court's Order requires the State to articulate the precise relief it seeks, Defendants respectfully seek clarification of the Court's Order.

Dated:  March 28, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

 /s/ Tanya L. Chaney
M. Scott Michelman
State Bar No.: 00797075
E-Mail:  mmichelman@shb.com
Peter M. Henk
State Bar No.: 00790861
E-Mail:  phenk@shb.com
Britta N. Todd*
State Bar No.: 24128066
E-Mail: btodd@shb.com
Tanya L. Chaney
State Bar No.: 24036375
E-Mail:  tchaney@shb.com
600 Travis Street, Suite 3400
Houston, Texas 77002-2926
Telephone:  713.227.8008
Facsimile:   713.227.9508

*Application for admission to the United States District Court for the Western District of Texas forthcoming*

**Attorneys for Defendants**

3

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the parties have conferred regarding the relief requested herein. Although the State does not join in this Motion, counsel for the State has indicated that the State does not dispute the need for clarification of the Court's Order. The parties have agreed that the State may file a response to this Motion by April 2, 2025, and Defendants may then file a reply by April 4, 2025.

<em>/s/ Tanya L. Chaney</em>

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2025, the foregoing document was electronically filed with the Clerk of the Court using the e-filing system. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

<em>/s/ Tanya L. Chaney</em>